NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETRONILO LOPEZ TOMAS; JENRRY ALEXIS LOPEZ TOMAS, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   17-72868 <br><br> Agency Nos.   A208-124-161 <br> A208-124-163 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2023[**]
Pasadena, California

Before:  CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Petitioners Petronilo LopezTomas and Jenrry Lopez-Tomas, brothers and

native citizens of Guatemala, seek review of an order of the Board of Immigration

Appeals (BIA) denying their applications for asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

**1.**  Petitioners' challenge to the jurisdiction of the immigration court is foreclosed by our opinion in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc) ("[T]he failure of [a Notice to Appear] to include time and date information does not deprive the immigration court of subject matter jurisdiction.").  The Immigration Judge (IJ) thus had jurisdiction over Petitioners' case even though they were served with Notices to Appear that did not specify the time or date of their initial hearing.

**2.**  Where the BIA agrees with the conclusions of the IJ, the Ninth Circuit reviews both decisions.  *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).  The agency's decision is reviewed under the substantial evidence standard, *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021), which provides that the agency's findings of fact are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)).

To be eligible for asylum, Petitioners must show a well-founded fear of persecution based on "race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir.

2021) (quoting 8 U.S.C. § 1101(a)(42)(A)).  To establish past persecution, an "applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000).

We agree with the BIA that the threat and mistreatment received by Petitioners did not rise to the level of past persecution.  Petitioners' cumulative reports of persecution amount to two instances of robbery, one beating that Petitioners did not claim left lasting injury, a possible gunshot in Jenrry's direction, and an unsubstantiated threat against their mother.   These incidents, while reprehensible, do not compel a finding of persecution.  *See Sharma*, 9 F.4th at 1063 (holding that petitioner's involuntary detention, verbal abuse, and beating that did not result in lasting bodily injury did not compel a finding of past persecution).

Moreover, Petitioners have not shown that their troubles were on account of a statutorily protected ground.  Petitioners claim membership in several social groups: "family, indigenous, refusal to join a criminal organization, and witness to crime."  "Refusal to join a criminal organization" lacks the requisite particularity and social distinction necessary to constitute a particular social group.  *See Pirir-Boc v. Holder*, 750 F.3d 1077, 1083–84 (9th Cir. 2014) (recognizing that a

3

particular social group must be socially distinct, such that society perceives purported members to be part of a group); *see also Barrios v. Holder*, 581 F.3d 849, 854–55 (9th Cir. 2009) (noting that "resistance to gang membership is not a protected ground"), abrogated on other grounds by *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

"Witnesses to a crime" has been recognized as a statutorily protected ground where the witness has testified in court or become "highly visible and recognizable by others in the country in question." *Henriquez-Rivas*, 707 F.3d at 1092 (quoting *Matter of C-A-,* 23 I&N Dec. 951, 960 (BIA 2006)).  Here, the only crimes allegedly witnessed by Petitioners were the threats and harm to Petitioners by the Mara Salvatruchas gang (MS), which Petitioners declined to report to the police. Thus, the record does not compel a finding that Petitioners' witnessing of crimes committed against them creates a cognizable social group.

While family membership and indigenousness involve immutable characteristics that may constitute a particular social group, here the record does not compel a finding that Petitioners were targeted "on account of" their membership in either group.  8 U.S.C. § 1101(a)(42)(A).  Rather, MS attempted to recruit them and only harmed Petitioners when they refused to join.  There is nothing in the record to suggest any actions by MS against Petitioners were based on their family ties or indigenousness.

4

Finally, the record indicates that the harm Petitioners fear is that of general criminal activity and harassment, but we have held that "random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Petitioners have failed to show that the record compels a determination that they have been subject to past persecution.

**3.** Because Petitioners have not established a threat of persecution based on their membership within a particular social group, they are ineligible for withholding of removal. *Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum . . . necessarily results in a failure to demonstrate eligibility for withholding of deportation.")

**4.** Petitioners are also not entitled to CAT relief because the record does not compel a finding of "an objectively 'reasonable possibility' of persecution upon return to the country." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). As Petitioners did not report the incidents to the police, there is little evidence that officials knew of or acquiesced in the gang's activities. Also, Petitioners do not allege that they took any actions against MS for which MS might seek vengeance against them anywhere in Guatemala.

The petition is **DENIED.**